**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Julia A. Luster (State Bar No. 295031)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
jluster@bursor.com

**SALPETER GITKIN, LLP**
James P. Gitkin (*pro hac vice* pending)
One East Broward Boulevard, Suite 1500
Ft. Lauderdale, FL 33301
Telephone: (954) 467-8622
Facsimile: (954) 467-8623
E-Mail: jim@salpetergitkin.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUIS DIEGO ZAPATA FONSECA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VIGO IMPORTING CO.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Luis Diego Zapata Fonseca ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant Vigo Importing Co. ("Vigo" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF ACTION

1. This is a class action lawsuit on behalf of purchasers of Vigo octopus products (the "Octopus Products") that Vigo has labeled and sold as octopus when in reality the products contained jumbo squid, which is significantly cheaper and of a lower quality than octopus.

2. Independent DNA testing determined that Vigo's Octopus Products are actually jumbo squid and not octopus. Octopus and jumbo squid are both cephalopods, but are otherwise completely different species.



**Jumbo Squid**



**Octopus**

3. The scientific classification for jumbo squid is as follows:

| Kingdom | Animalia |
|---|---|
| Phylum | Mollusca |
| Class | Cephalopoda |
| Order | Teuthida |
| Family | Ommastrephidae |
| Genus | Dosidicus |
| Species | Dosidicus gigas |

4. The scientific classification Octopus is as follows:

| Kingdom | Animalia |
|---|---|
| Phylum | Mollusca |
| Class | Cephalopoda |

| Order | Octopoda |
|---|---|
| Family | Octopodidae |
| Genus | Octopus |
| Species | Octopus vulgaris |

5. In recent years, the cost of octopus has increased rapidly as octopus populations have dwindled around the world due to over-fishing. In 2005, the European Union imposed new restrictions on octopus fishing because the octopus might be at risk of "dying out … if controls are not enforced to stop overfishing." In 2010, the Food and Agriculture Organization of the United Nations reported that octopus populations "remain overexploited." In 2014, the Monterey Bay Aquarium issued a report on the state of octopus stocks around the world. The report concluded that "octopus stocks are in poor shape." In July, 2014, SeafoodSource.com reported that octopus supplies had fallen by 45 percent in approximately one year, causing a dramatic increase in the price of octopus.

6. At the same time that octopus populations have been declining, jumbo squid populations have been thriving. In 2010, Scientific American magazine reported that "[a]lthough many of the Pacific Ocean's big species are floundering, one large creature of the deep seems to be flourishing. The Humboldt squid (Dosidicus gigas, also known as jumbo squid, owing to its sizable nature) has been steadily expanding its population and range." On May 11, 2013, Stanford biologist William Gilly gave a TED talk in which he explained that the jumbo squid is thriving due to its ability to adapt to changing ocean conditions caused by global warming.

7. As a result of these developments, the cost of octopus has risen dramatically compared to the cost of squid. In addition, due to similarities in texture, squid can easily be substituted for octopus without the consumer being able to tell the difference particularly when sold in a sauce like garlic sauce or marinara sauce.

8. Vigo sells two different Octopus Products at issue in this case: (1) Octopus in Marinade Sauce and (2) Octopus in Soy and Olive Oil. The word "Octopus" is prominently

displayed on the label of each box in a large font as shown below. Nowhere on the box does it state that the Octopus Products contain squid instead of octopus.







9. Plaintiff is informed and believes that Vigo has intentionally replaced the octopus in its Octopus Products with squid as a cheap substitute to save money because it knew an ordinary consumer would have trouble distinguishing the difference.

10. Plaintiff asserts claims on behalf of himself and a nationwide class of purchasers of Vigo octopus products for breach of express warranty, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, unjust enrichment, violation of California's Consumers Legal Remedies Act ("CLRA"), violation of California's Unfair Competition Law ("UCL"), violation of California's False Advertising Law ("FAL"), negligent misrepresentation, and fraud.

## PARTIES

11. Plaintiff Luis Diego Zapata Fonseca is a citizen of California who resides in Salinas, California. While living in California, Plaintiff purchased Vigo Octopus Products through Amazon.com. Throughout the class period, he has purchased Vigo Octopus in Soy and Olive Oil.

Plaintiff purchased the Vigo Octopus Products in reliance on the representation that they contained octopus, and he would not have purchased the Vigo Octopus Products on the same terms if he had known that they contained squid instead of octopus.

12. Defendant Vigo Importing Co. is a Florida corporation with its principal place of business in Tampa, Florida. Vigo is a food manufacturer and distributor. Vigo focuses primarily on serving Hispanic communities. Vigo products are sold in stores across the United States including Target, K-Mart, Wal-Mart, CVS, and Wegmans. Vigo products are also sold extensively online at Amazon.com.

13. Whenever reference is made in this Complaint to any representation, act, omission, or transaction of Vigo, that allegation shall mean that Vigo did the act, omission, or transaction through its officers, directors, employees, agents, and/or representatives while they were acting within the actual or ostensible scope of their authority.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and most members of the proposed class are citizens of states different from Vigo. This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

15. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff is a citizen of California and resides in this District, and purchased Vigo octopus products in this District. Moreover, Vigo distributed and sold the Octopus Products, which is the subject of the present complaint, in this District.

## CLASS REPRESENTATION ALLEGATIONS

16. Plaintiff seeks to represent a class defined as all persons in the United States who purchased the Octopus Products (the “Class”). Excluded from the Class are persons who made such purchase for purpose of resale.

17. Plaintiff also seeks to represent a subclass of all Class members who purchased the Octopus Products in California (the "Subclass").

18. Members of the Class and Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and Subclass number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through Vigo's distribution records and third party retailers and vendors.

19. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to: whether Vigo's Octopus Products are squid rather than octopus; whether Vigo warranted that its Octopus Products were octopus when in fact they were squid; and whether Vigo committed statutory and common law fraud by doing so.

20. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff purchased Vigo Octopus Products in reliance on the representations and warranties described above and suffered a loss as a result of that purchase.

21. Plaintiff is an adequate representative of the Class and Subclass because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

22. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class and Subclass members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Vigo's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for

inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Vigo's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**

**Breach of Express Warranty**

23. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

24. Plaintiff brings this claim individually and on behalf of the proposed Class against Vigo.

25. Vigo, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that its Octopus Products contained octopus.

26. In fact, the Octopus Products contain squid instead of octopus and Vigo's express warranties that the Octopus Products contained octopus are therefore false.

27. As a direct and proximate cause of Vigo's breach of express warranty, Plaintiff and Class members have been injured and harmed because: (a) they would not have purchased the Octopus Products on the same terms if they had known the true facts that the Octopus Products contained squid instead of octopus; (b) they paid a price premium for the Octopus Products due to Vigo's promises that it contained octopus; and (c) Vigo's Octopus Products did not have the characteristics, ingredients, uses or benefits, as promised.

**COUNT II**

**Breach of the Implied Warranty of Merchantability**

28. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

29. Plaintiff brings this claim individually and on behalf of the proposed Class against Vigo.

30. Vigo, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that the Octopus Products contained octopus.

31. Vigo breached the warranty implied in the contract for the sale of its Octopus Products because it could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose because the Octopus Products contained squid instead of octopus. As a result, Plaintiff and Class members did not receive the goods as impliedly warranted by Vigo to be merchantable.

32. Plaintiff and Class members purchased the Octopus Products in reliance upon Vigo's skill and judgment and the implied warranties of fitness for the purpose.

33. The Octopus Products were not altered by Plaintiff or Class members.

34. The Octopus Products were defective when it left the exclusive control of Vigo.

35. Vigo knew that the Octopus Products would be purchased and used without additional testing by Plaintiff and Class members.

36. The Octopus Products were defectively designed and unfit for their intended purpose, and Plaintiff and Class members did not receive the goods as warranted.

37. As a direct and proximate cause of Vigo's breach of the implied warranty, Plaintiff and Class members have been injured and harmed because: (a) they would not have purchased the Octopus Products on the same terms if they had known the true facts that the Octopus Products contained squid instead of octopus; (b) they paid a price premium for the Octopus Products due to Vigo's promises that it contained octopus; and (c) Vigo's Octopus Products did not have the characteristics, ingredients, uses or benefits, as promised.

## COUNT III

### Breach of the Implied Warranty of Fitness for a Particular Purpose

38. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

39. Plaintiff brings this claim individually and on behalf of the proposed Class against Vigo.

40. Vigo marketed, distributed, and/or sold the Octopus Products with implied warranties that they were fit for their intended purposes in that they contained octopus. At the time that the Octopus Products were sold, Vigo knew or had reason to know that Plaintiff and Class members were relying on its skill and judgment to select or furnish a product that was suitable for sale.

41. Plaintiff and Class members purchased the Octopus Products in reliance upon Vigo's implied warranties.

42. The Octopus Products were not altered by Plaintiff or Class members.

43. As a direct and proximate cause of Vigo's breach of the implied warranty, Plaintiff and Class members have been injured and harmed because: (a) they would not have purchased the Octopus Products on the same terms if they had known the true facts that the Octopus Products contained squid instead of octopus; (b) they paid a price premium for the Octopus Products due to Vigo's promises that it contained octopus; and (c) Vigo's Octopus Products did not have the characteristics, ingredients, uses or benefits, as promised.

**COUNT IV**

**Unjust Enrichment**

44. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

45. Plaintiff brings this claim individually and on behalf of the proposed Class against Vigo.

46. Plaintiff and Class members conferred benefits on Vigo by purchasing the Octopus Products.

47. Vigo has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' purchases of the Octopus Products. Retention of those moneys under these circumstances is unjust and inequitable because Vigo misrepresented that the Octopus Products

contained octopus when in fact they contained squid. These misrepresentations caused injuries to Plaintiff and Class members because they would not have purchased the Octopus Products if the true facts were known.

48. Because Vigo's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class members is unjust and inequitable, Vigo must pay restitution to Plaintiff and Class members for its unjust enrichment, as ordered by the Court.

**COUNT V**

**Violation of California's Consumers Legal Remedies Act,**

**California Civil Code §§ 1750, *et seq.***

**(Injunctive Relief Only)**

49. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

50. Plaintiff brings this claim individually and on behalf of the proposed Subclass against Vigo.

51. California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

52. California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), prohibits "[a]dvertising goods or services with intent not to sell them as advertised."

53. Vigo violated this provision by misrepresenting that its Octopus Products contained octopus when in fact they contained squid.

54. Plaintiff and the Subclass suffered injuries caused by Vigo because: (a) they would not have purchased the Octopus Products on the same terms if they had known the true facts that the Octopus Products contained squid instead of octopus; (b) they paid a price premium for the Octopus Products due to Vigo's promises that it contained octopus; and (c) Vigo's Octopus Products did not have the characteristics, ingredients, uses or benefits, as promised.

55. On or about April 18, 2016, a CLRA notice letter was served on Vigo which complies in all respects with California Civil Code § 1782(a). Plaintiff sent Vigo a letter via certified mail, return receipt requested, advising Vigo that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. If Vigo fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend his complaint to include a request for damages as permitted by Civil Code § 1782(d).

56. Wherefore, at this time, Plaintiff only seeks injunctive relief for this violation of the CLRA.

**COUNT VI**

**Violation of California's Unfair Competition Law,**

**California Business & Professions Code §§ 17200, *et seq.***

57. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

58. Plaintiff brings this claim individually and on behalf of the proposed Subclass against Vigo.

59. Vigo is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

60. Vigo's misrepresentations and other conduct, described herein, violated the "unlawful" prong of the UCL by violating the CLRA as described herein; the FAL as described herein; and Cal. Com. Code § 2607.

61. Vigo's misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

62. Vigo violated the "fraudulent" prong of the UCL by making misrepresentations about the Octopus Products, as described herein.

63. Plaintiff and the Subclass lost money or property as a result of Vigo's UCL violations because: (a) they would not have purchased the Octopus Products on the same terms if they had known the true facts that the Octopus Products contained squid instead of octopus; (b) they paid a price premium for the Octopus Products due to Vigo's promises that it contained octopus; and (c) Vigo's Octopus Products did not have the characteristics, ingredients, uses or benefits, as promised.

**COUNT VII**

**Violation of California's False Advertising Law,**

**California Business & Professions Code §§ 17500, *et seq.***

64. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

65. Plaintiff brings this claim individually and on behalf of the proposed Subclass against Vigo.

66. California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

67. Vigo committed acts of false advertising, as defined by §17500, by misrepresenting that its Octopus Products contained octopus when in fact they contained squid.

68. Vigo knew or should have known, through the exercise of reasonable care that its representations about the Octopus Products were untrue and misleading.

69. Vigo's actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

70. Plaintiff and the Subclass lost money or property as a result of Vigo's FAL violations because: (a) they would not have purchased the Octopus Products on the same terms if they had known the true facts that the Octopus Products contained squid instead of octopus; (b) they paid a price premium for the Octopus Products due to Vigo's promises that it contained octopus; and (c) Vigo's Octopus Products did not have the characteristics, ingredients, uses or benefits, as promised.

**COUNT VIII**

**Negligent Misrepresentation**

71. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

72. Plaintiff brings this claim individually and on behalf of the proposed Class against Vigo.

73. As discussed above, Vigo misrepresented that the Octopus Products contained octopus when in fact they contained squid. Vigo had a duty to disclose this information.

74. At the time Vigo made these representations, Vigo knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

75. At an absolute minimum, Vigo negligently misrepresented and/or negligently omitted material facts about the Octopus Products.

76. The negligent misrepresentations and omissions made by Vigo, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase the Octopus Products.

77. Plaintiff and Class members would not have purchased the Octopus Products if the true facts had been known.

78. The negligent actions of Vigo caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

**COUNT IX**

**Fraud**

79. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

80. Plaintiff brings this claim individually and on behalf of the proposed Class against Vigo.

81. As discussed above, Vigo provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about its Octopus Products, including but not limited to the fact that it contained squid when the product was represented to contain octopus. These misrepresentations and omissions were made with knowledge of their falsehood.

82. The misrepresentations and omissions made by Vigo, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase the Octopus Products.

83. Vigo's fraudulent actions caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Vigo, as follows:

a. For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent members of the Class and Subclass;

b. For an order declaring that Vigo's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

d. For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For injunctive relief as pleaded or as the Court may deem proper; and

h. For an order awarding Plaintiff, the Class, and the Subclass their reasonable attorneys' fees and expenses and costs of suit.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of all issues so triable.

Dated: April 19, 2016

**BURSOR & FISHER, P.A.**

By: *__/s/ L. Timothy Fisher__*
L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Julia A. Luster (State Bar No. 295031)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
jluster@bursor.com

**SALPETER GITKIN, LLP**
James P. Gitkin (*pro hac vice* pending)
One East Broward Boulevard, Suite 1500
Ft. Lauderdale, FL 33301
Telephone: (954) 467-8622
Facsimile: (954) 467-8623
E-Mail: jim@salpetergitkin.com

*Attorneys for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Luis Diego Zapata Fonseca, declare as follows:

1. I am a plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2. The compliant I in this action is filed in the proper place because I purchased Vigo Importing Company octopus products in this District and Defendant conducts a substantial amount of business in this District.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on April 15, 2016 at Salinas, California.

Diego Zapata F.
Luis Diego Zapata Fonseca