UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUIS DIEGO ZAPATA FONSECA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VIGO IMPORTING CO.,<br><br>Defendant. | Case No. 5:16-cv-02055-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 13-6, 14 |

Plaintiff Luis Diego Zapata Fonesca ("Plaintiff") brings this putative consumer class action against Defendant Vigo Importing Co. ("Defendant") under the Class Action Fairness Act of 2005 ("CAFA") for violations of California's consumer protection statutes, alleging that Defendant sold, labeled, and marketed certain products as containing octopus (the "Octopus Products"), when in reality the products actually contained jumbo squid. Compl. ¶ 1; Dkt. No. 1.

Presently before the court is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction ("Mot."). Dkt. Nos. 13-6, 14. Defendant argues that Plaintiff cannot meet the $5 million minimum amount in controversy necessary for CAFA to convey federal subject matter jurisdiction over Plaintiff's claims. Id. Plaintiff opposes the motion. Pl. Opp. to Def. Mot. ("Opp"), Dkt. Nos. 17-4; 18. Finding this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), the hearing set for October 27, 2016 is hereby VACATED. Having carefully considered the parties' pleadings, the Defendant's

1

Case No.: 5:16-cv-02055-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

motion is DENIED for the reasons explained below.

## I. LEGAL STANDARD

A party may file a motion to dismiss with the Court for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may be either facial or factual. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. Id. When a defendant makes a facial challenge, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. Wolfe, 392 F.3d at 362.

In the case of a factual challenge, the party opposing the motion must produce affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Under a factual attack, the court need not presume the plaintiff's allegations as true. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); accord Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983). In the absence of a full-fledged evidentiary hearing, however, disputed facts pertinent to subject matter jurisdiction are viewed in the light most favorable to the nonmoving party. Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996).

## II. DISCUSSION

Plaintiff contends the court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), or the Class Action Fairness Act ("CAFA"). Compl. ¶14. CAFA confers subject matter jurisdiction over any class action involving a plaintiff class of 100 or more members in which "(1) any member of the class of plaintiffs is a citizen of a state different from any defendant, and (2) the matter in controversy exceeds the sum or value of five million dollars, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2).

Defendant challenges this court's jurisdiction under CAFA on the grounds that the amount in controversy is purportedly less than $5 million. In support of this, Defendant submitted confidential financial information regarding Vigo's nationwide sales for the Octopus Products

2

Case No.: 5:16-cv-02055-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

identified in Plaintiff's Complaint for the past four years. Declaration of Virdie Alfieri ("Alfieri Decl."), ¶ 3, Exh. 1, Dkt. No. 13-7 (sealed). Defendant argues that because Vigo's sales did not exceed a certain amount, the relief sought by Plaintiff cannot possibly meet the minimum $5 million amount in controversy requirement. Mot. at 3-4.

But as Plaintiff points out, in addition to compensatory damages, Plaintiff also requests punitive damages, injunctive relief and attorneys' fees and costs. Opp. at 1. Punitive damages and attorneys' fees may be considered part of the amount in controversy in a civil action. See Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007); Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001). In assessing the potential amount of punitive damages, courts have used a ratio of 1:1 between punitive and economic damages for the purposes of estimating the amount in controversy. See Bayol v. Zipcar, Inc., 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015) (citing Guglielmino, 506 F.3d at 696, 698, 701).

Defendant argues that even including potential punitive damages and attorneys' fees, the amount in controversy is still less than the required $5 million. Defendant contends that Plaintiff's estimated compensatory damages figure, upon which the punitive damages and attorneys' fees calculations are based, is inaccurate. Defendant contends that Plaintiff used the figure for the maximum potential retail sales of Octopus Products nationwide, rather than the figure representing "what Vigo received for its actual sales of Octopus Products nationwide." Def.'s Reply to Pl. Opp. ("Reply") at 4, Dkt. Nos. 20-5, 21.

However, neither the full retail value of the Octopus Products alone, nor the figure for Defendant's actual sales is determinative for the purposes of estimating damages here. In similar cases, courts have held that "[t]he correct measure of damages under statutes requiring actual reliance is the fraction of the price customers paid that represents the value customers placed on the products conforming to the representations made on their labels." Rodman v. Safeway, 125 F. Supp. 3d 922, 933 (N.D. Cal. 2015). Under such circumstances, the "[r]eturn of the full retail or wholesale prices is not a proper measure of restitution, as it fails to take into account the value class members received by purchasing the products." Id. (quoting Jones v. ConAgra Foods, Inc.,

3
Case No.: 5:16-cv-02055-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

1  No. C 12–01633 CRB, 2014 WL 2702726, at *19 (N.D.Cal. June 13, 2014)). Accordingly, a reasonable estimate of compensatory damages here would require information regarding both what consumers paid for the Octopus Products believing that the products were as represented, and the value of the actual product the consumers received. This information is not part of the record at this stage.

The evidence of Vigo's sales figures is insufficient to prove that there are no circumstances under which Plaintiff's suit involves the requisite $5 million amount in controversy. Thus, based on the evidence presented, the court cannot conclude to a legal certainty that Plaintiff's claim is for less than the jurisdictional amount. See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010). Accordingly, Defendant's Motion to Dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: October 26, 2016

_____
EDWARD J. DAVILA
United States District Judge

4
Case No.: 5:16-cv-02055-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS